# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 28, 2023

Lyle W. Cayce
Clerk

No. 22-20614
Summary Calendar

———————————

Beverly Barnett,

*Plaintiff—Appellant*,

*versus*

Kia Motors America, Incorporated,

*Defendant—Appellee*.

———————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:21-CV-1591

———————————————————

Before Jones, Southwick, and Ho, *Circuit Judges*.

Per Curiam:[*]

Beverly Barnett moves for leave to proceed in forma pauperis (IFP) on appeal from the dismissal of her product liability action against Kia Motors America, Inc. (Kia), in which she alleged that she was injured when her Kia's seatbelt and airbag malfunctioned during a collision. The district court

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

granted summary judgment for Kia because Barnett failed to designate an expert witness on product liability. Texas law, which governs the substance of Barnett's suit, "require[s] expert testimony and objective proof to support a jury finding that a product defect caused the plaintiff's condition." *Gharda USA, Inc. v. Control Sols., Inc.*, 464 S.W.3d 338, 348 (Tex. 2015).

To proceed IFP on appeal, Barnett must demonstrate both financial eligibility and the existence of a nonfrivolous appellate issue. 28 U.S.C. § 1915(a)(1); *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). An issue is nonfrivolous if it "involves legal points arguable on their merits." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). We may dismiss a frivolous appeal sua sponte. 5TH CIR. R. 42.2.

We review a summary judgment de novo, using the same standard as that employed by the district court. *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

Barnett neither identifies an error in the district court's construal or application of Texas law requiring expert testimony to support a product liability claim nor disputes the finding that she failed to offer such a witness. *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Her argument that her own pleaded facts alone suffice to overcome summary judgment is baseless in light of *Gharda*. And insofar as Barnett challenges the holding in *Gharda*, that is a matter for the Texas courts. Absent the requisite expert testimony, there can be no genuine factual dispute as to whether any product defect caused Barnett's injuries, and Kia is accordingly entitled to judgment as a matter of law. The district court's grant of summary judgment was indisputably proper. *See McFaul*,

No. 22-20614

684 F.3d at 571.   Accordingly, the motion for leave to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous.